CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307
E-Mail: honolululaw808@gmail.com

MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile: (808) 376-8695

Attorneys for Plaintiff
Ginger Suga

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| GINGER SUGA, | ) | CIVIL NO. _____ |
|---|---|---|
| Plaintiff, | )<br>)<br>) | COMPLAINT; JURY<br>DEMAND; SUMMONS |
| vs. | )<br>) | |
| FIDELITY NATIONAL TITLE &<br>ESCROW OF HAWAII, INC., | )<br>)<br>) | |
| Defendant. | )<br>) | |

## COMPLAINT

COMES NOW, Plaintiff GINGER SUGA, by and through her attorneys Charles H. Brower and Michael P. Healy, and for causes of action against Defendants, alleges and avers as follows:

## NATURE OF CASE

1. Plaintiff GINGER SUGA (hereinafter "SUGA"), was at all times mentioned herein a resident of Honolulu, Hawaii, and citizen of the State of Hawaii.

2. Defendant FIDELITY NATIONAL TITLE & ESCROW OF HAWAII, INC. (hereinafter "FIDELITY") is and was at all times mentioned herein a domestic profit corporation incorporated in the State of Hawaii.

3. Plaintiff was hired by Defendant FIDELITY in July 2013, as an Escrow Officer.

4. Plaintiff was on medical leave of absence due to a neck injury disability from April 2015 through June 12, 2015.

5. Plaintiff returned to work with Defendant FIDELITY on June 12, 2015, but was demoted from an Escrow Officer to an assistant to an Escrow Officer.

## JURISDICTION

6. The jurisdiction of this Court is pursuant to The Americans With Disability Act of 1990, as amended.

7. The administrative prerequisites for filing this cause of action have been fulfilled. A right-to-sue letter was issued by the Equal Employment Opportunity Commission ("EEOC") on March 16, 2018, and received no earlier than March 17, 2018, by Plaintiff.

## STATEMENT OF FACTS

8. Plaintiff was hired by Defendant FIDELITY in July 2013, as an Escrow Officer.

9. Plaintiff worked in the Kapolei Branch of FIDELITY as an Escrow Officer and built up a number of clients she would service at the Kapolei Branch. Escrow Officers receive commission on their escrow transactions.

10. Plaintiff, in early 2015, had developed a neck impairment which involved a bulging cervical disc. The bulging disc caused a pinched nerve in the neck. Plaintiff could not move her neck, sit for an extended period, answer the phone, lift objects and was under a lot of stress due to the impairment. Plaintiff could not continue to work.

11. From April 2015 through June 12, 2015, Plaintiff went on a Family Medical Leave Act (FMLA) medical leave of absence. Plaintiff was experiencing severe pain in her neck, caused by the bulging cervical disc and pinched nerve that radiated pain down Plaintiff's spine.

12. Plaintiff returned to work on June 12, 2015, with a reasonable accommodation due to her doctor's restriction of a part-time work schedule of 30 hours per week.

13. Prior to going on medical leave, Plaintiff had her own office as an Escrow Officer in the Kapolei Branch.

14. When Plaintiff returned from her medical leave, Plaintiff was transferred from the Kapolei Branch to the Pearlridge Branch and Plaintiff was told that she would be working on the main floor, and would not have an office. Plaintiff was also informed that she was no longer an Escrow Officer, but an "assistant".

15. Plaintiff was told that she would be carrying out the duties in assisting the other Escrow Officers. Plaintiff was not allowed to service the clients she had serviced regularly previously at the Kapolei Branch. This caused Plaintiff to lose about half of her income. Her clients were given to another Escrow Officer.

16. After being assigned to the Pearlridge Branch, Brenda Betz, Head of Escrow, has constantly asked Plaintiff when she was going to see her doctor and when she would be released to work full-time so they did not need to continue to accommodate her with a reduced schedule.

17. If not for Plaintiff's disability, going out on medical leave, and not being able to return to full-time work, Plaintiff would not have been discriminated against by being demoted, being transferred to another location, assigned assistant escrow duties, deprived of her regular clients and not assigned an office as an Escrow Officer.

18. Plaintiff was fully able to perform her job duties as an Escrow Officer with reasonable accommodation at the time she suffered the adverse employment actions.

## STATEMENT OF CLAIMS

## COUNT I - DISABILITY DISCRIMINATION

19. Plaintiff incorporates paragraphs 1 through 18, as though fully set forth herein.

20. The Americans With Disabilities Act of 1990, as amended prohibits discrimination due to a disability.

21. The aforesaid acts and/or conduct of Defendants constitute discrimination as they were acts and/or failure to act by Defendants and its employees in direct violation of the Americans With Disabilities Act of 1990, as amended.

22. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due her.

23. After a year of working at the assistant position at less income given to Plaintiff after her medical leave for a year, she had to resign and move to another escrow company.

24. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of her right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

25. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about her future and her ability to support herself, harm to his employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among her friends and co-workers, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which he is entitled to an award of general damages.

## COUNT II

## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

26. Plaintiff incorporates paragraphs 1 through 25, as though fully set forth herein.

27. Defendant violated the FMLA in that she was out of work for two months, but not returned to her Escrow Officer position at the Kapolei Branch and demoted to an "assistant" Escrow Officer which caused her to lose income.

28. The actions of Defendants and their employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff prays that judgment be entered on all Counts:

A. For all damages to which Plaintiff is entitled, including general damages and other damages to be proven at trial; and

B. For special damages, including back pay, front pay and other expenses; and

C. For punitive damages; and

D. For attorney's fees, costs, and interest, including prejudgment interest; and

E. For such other and further relief as is appropriate.

The total amount of damages prayed for exceeds the minimum jurisdictional limits of this Court.

DATED: Honolulu, Hawaii, June 15, 2018.

/s/ Charles H. Brower
CHARLES H. BROWER
MICHAEL P. HEALY
Attorneys for Plaintiff
Ginger Suga